IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30767
_____


GULF SOUTH MACHINE, INC; ET AL
                    Plaintiffs

GULF SOUTH MACHINE, INC
                    Plaintiff -Counter Defendant - Appellant - Cross
                    Appellee

v.

AMERICAN STANDARD INC; UNION SWITCH AND SIGNAL, INC.
                    Defendants - Counter Claimants - Appellees - Cross
                    Appellants

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 97-CV-65-R
---------------------
September 22, 2000

Before KING, Chief Judge, PARKER, Circuit Judge, and KAZEN[*],
District Judge.

PER CURIAM[**]:

The district court was correct in concluding that no genuine

issue of material fact existed as to whether the arrangement

between Gulf South Machine, Inc and Union Switch & Signal Inc.

amounted to a partnership agreement, and we affirm the court's

grant of summary judgment on that point for essentially the

_____

*    Chief Judge of the United States District Court for the
Southern District of Texas, sitting by designation.

**    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

reasons given by the district court in its Order and Reasons entered July 2, 1998. The district court also correctly concluded that the contractual standard for determining whether Gulf South would earn the proposed $200,000 incentive bonus was not ambiguous, thereby obviating the need for a jury instruction relating to an ambiguous contract. The testimony on the value of the equipment presented by Union Switch's appraiser was undermined on cross-examination and by the testimony of one of Gulf South's witnesses, and on this record the value that the jury arrived at is supported by sufficient evidence. Finally, the district court was correct in concluding that Gulf South's duty to mitigate damages was breached when it withheld service of the complaint for nearly five years, resulting in a delay of almost eight years between the accrual of the cause of action and notification of Union Switch of the suit, and in limiting the recovery of prejudgment interest accordingly.

The judgment of the district court is AFFIRMED.